UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DEVILLE

CIVIL ACTION NO. 08-1940

-vs-   JUDGE DRELL

DOLGENCORP, INC., *et al.*   MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Before the Court is plaintiffs' MOTION TO REMAND, Doc. # **11**, referred to me by the district judge for Report and Recommendation.

### FACTUAL BACKGROUND

Plaintiff, Joyce Deville alleges that she was a customer in the Bunkie, Louisiana, Dollar General store in September of 2008 when she slipped and fell on a wet floor, suffering injuries. Plaintiffs filed suit in state court on October 14, 2008. The petition alleges negligence on the part of Dollar General and Craig Richard (its alleged store manager at the time of the incident). Plaintiffs filed discovery with the suit asking for information as to employee names. Defendants did not answer the discovery. Defendants propounded discovery to plaintiffs in the form of a request for admissions asking

plaintiffs to admit that the amount in dispute was less than $75,000. Plaintiffs denied the request, thus admitting that the amount in dispute exceeds $75,000, and defendants then removed the case to this court. Defendants attached the affidavit of defendant Richard who attested that he was not the store manager at the time of the accident. Plaintiffs have filed the instant motion to remand.

## DISCUSSION

### Fraudulent joinder and complete diversity

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); <u>Caterpillar v. Lewis</u>, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder"

2

can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the former store manager, Mr. Richard. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a

3

reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are citizens of Louisiana, while Dolgencorp is a foreign corporation. However, Mr. Richard also resides in Louisiana. His presence in the suit would destroy the complete diversity required by federal law.

Because Mr. Richard has been shown not to have been the store manager at the time of the accident, there is no reasonable possibility of recovery against him in this case. Thus we need not discuss the nature of the allegations against him.[1] Complete diversity exists.

Plaintiffs argue, however, that had defendants answered their discovery sooner, they would have named other store employees as defendants which would have destroyed diversity. First, defendants had no obligation to first answer discovery prior to removing the case. Second, the court cannot speculate whether the allegations which might have been made against unknown defendants would have been specific enough to survive a fraudulent joinder argument. The court must deal with the

---

[1] General allegations of fault against a store manager are ordinarily insufficient to destroy diversity jurisdiction.

allegations of the complaint as it existed at the time of removal and, as shown, complete diversity existed at that time.

Amount in dispute and timeliness of removal

Next, plaintiff argues that the removal petition was not filed timely because defendant should have known from the allegations of the petition that the amount in dispute exceeded $75,000. The petition alleged that plaintiff suffered damages to her "mind, head, neck, left arm, left elbow, right arm, left leg, left ankle, right leg and right ankle" as follows:

> Pain and suffering, past, present and future
>
> Medical expense, past, present and future
>
> Mental anguish, humiliation and aggravation, past, present and future,
>
> Loss of enjoyment of life, past, present and future,
>
> Loss of "earning[s] and/or earning capacity", and
>
> Permanent and debilitating injuries.

The complaint contains no specifics as to injuries alleged or as to the nature of the medical expenses alleged or the amounts of the expenses. Because the suit was filed only three plus weeks after the accident, it is safe to assume that the medical expenses incurred at that time were minimal. This

case is similar to the case of Simon v. Wal-mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). It is easily distinguishable from Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) and from Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880 (5th Cir, 2000). Therefore, it was not apparent from the face of the complaint that damages exceeded the jurisdictional limit of this court. The suit was removed within 30 days of plaintiffs' admission that the damages exceeded $75,000. Plaintiff's argument that the parties cannot consent to federal jurisdiction, while certainly true, has no application to the situation presented here where a request for admission is propounded and the answer to it makes clear that there is a dispute which exceeds the jurisdictional limit.

## CONCLUSION

For the foregoing reasons, because complete diversity exists, IT IS RECOMMENDED THAT the plaintiffs' motion to remand (Doc. **11**) be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days

6

after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, June 16, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE